UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-MDL-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Mandelkow, et al. v. Islamic Republic of Iran*<br>(member case of *Federal Insurance Co., et al. v. al Qaida et al.,* No. 03-cv-06978 and *Ashton, et al. v. al Qaeda Islamic Army, et al.,* No. 02-cv-06977) | 20-cv-315<br>ECF Case |

## THE *MANDELKOW* (*ASHTON* AND *FEDERAL INSURANCE*) PLAINTIFFS' MOTION FOR PARTIAL FINAL JUDGMENTS

For the reasons set forth below, and in the exhibits attached to and statements contained in the Declaration of Barry Salzman ("Salzman Declaration"), Plaintiffs herein, by and through their counsel, Barasch & McGarry, P.C. and Crowell & Moring LLP, respectfully move this Court to enter partial final judgments by default against the Islamic Republic of Iran on the issue of liability as to the *Mandelkow* Plaintiffs' substantive causes of action established under the Foreign Sovereign Immunities Act's ("FSIA") State Sponsor of Terrorism Exception, codified at 28 U.S.C. § 1605A(c).[1] The *Mandelkow* Plaintiffs further move this Court to: (1) award compensatory damages for conscious pain and suffering to the decedents listed in Exhibit B to the "[Proposed] Order of Partial Final Default Judgments on Behalf of *Mandelkow* Plaintiffs Identified at Exhibits A and B" (hereinafter "Proposed Order") who were killed as a result of the September 11th Terrorist Attacks, in an amount of $2,000,000 per estate; (2) award *solatium* damages for the losses suffered by the immediate family members listed in Exhibit A to the

---

[1] As discussed below, the issues presented in this motion related to the request for default judgment on liability against Iran as to the *Mandelkow* Plaintiffs' claims under the FSIA's State Sponsor of Terrorism Exception have already been addressed by this Court in proceedings in related litigation in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (SDNY) (GBD) (SN).

Proposed Order, who are each the spouse, child, sibling or parent of an individual killed as a result of the September 11th Terrorist Attacks,[2] in the same amounts previously awarded by this Court to other family member plaintiffs in this consolidated multidistrict litigation against Iran; (3) award prejudgment interest on those damages as set forth below; and (4) permit the Plaintiffs herein to submit future applications for punitive damages, economic damages, or other damages (including additional compensatory damages for pain and suffering prior to the decedent's death) consistent with any future rulings of this Court.

The awards in the simultaneously filed Proposed Order will constitute partial final awards and judgments against Iran in the matter brought by the individuals listed in the Proposed Order.

**I.      Procedural Background**

This action arises out of the events of September 11, 2001, during which members of the al Qaeda terrorist network hijacked four commercial airliners and used those planes as weapons in coordinated terrorist attacks on the United States (the "September 11th Terrorist Attacks"). Plaintiffs in this case are comprised of personal representatives and eligible family members of individuals killed as a result of the September 11th Attacks (the "*Mandelkow* Plaintiffs"). On January 13, 2020, pursuant to the Court's October 28, 2019 Order, counsel for the *Mandelkow* Plaintiffs filed a Short Form Complaint for the *Mandelkow* Plaintiffs, joining and adopting all of the factual and jurisdictional allegations in the Amended Consolidated Complaint against Iran in *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD) (SN), and joining in all prior pleadings in *Ashton*. As provided for in the Court's October 28, 2019 Order, by filing the Short Form Complaint, the *Mandelkow* Plaintiffs have joined and are bound by all decisions in *Ashton*

---

[2] Due to uncertainties regarding potential limitations on recovery from the September 11 Victim's Compensation Fund for certain direct victims of the September 11th Terrorist Attacks, the personal representatives for the estates of certain individuals killed as a result of those attacks have not filed claims for those estates in this litigation at this time, but certain family members of those decedents have filed claims. Accordingly, while each family member listed in Exhibit A has a compensable claim for damages for his or her pain and suffering, not every family member listed in Exhibit A corresponds to a decedent listed in Exhibit B.

and in this MDL that relate to all actions.[3]

All *Mandelkow* Plaintiffs now respectfully request entry of judgment by default against Iran on the issue of liability, and now hereby seek: (1) partial compensatory damages for decedents' conscious pain and suffering in an amount of $2,000,000 per estate;[4] (2) partial *solatium* damages for the losses suffered by the immediate family members of decedents in the same amounts previously awarded by this Court to other plaintiffs in this consolidated multidistrict litigation against Iran; (3) prejudgment interest on those damages as set forth below; and (4) permission for the Plaintiffs herein to submit future applications for punitive damages, economic damages, and other damages (including additional compensatory damages for pain and suffering prior to the decedent's death) consistent with any future rulings of this Court.

**II.     Liability**

All *Mandelkow* Plaintiffs now respectfully request entry of judgment by default against Iran on the issue of liability. Attached to the Salzman Declaration at Exhibits C and D is documentation establishing for each decedent that the decedent's death was caused by the September 11th Attacks.

The attached Exhibits contain documentation from the September 11th Victim Compensation Fund administered by the U.S. Department of Justice, which adjudicates claims for victims eligible for compensation due to injuries suffered "as a direct result" of the 9/11

---

[3] Defendant in this case has been served with the underlying Complaints to which the *Mandelkow* Plaintiffs have joined through this Short Form Complaint, consistent with how other plaintiffs have proceeded in this MDL and obtained judgments in reliance on such service. *See, e.g., Betru, et al. v. Islamic Republic of Iran*, 18-cv-08297 (Complaint filed 9/12/18 (Dkt. 1), Judgments entered 9/13/18 (Dkt. 5); 8/20/19 (Dkt. 27); 9/9/19 (Dkt. 28); 9/13/19 (Dkt. 29); 1/8/20 (Dkt. 35)).

[4] Because some of the decedents who died as a result of the September 11th Terrorist Attacks suffered lengthy illnesses before death, the amount established by this Court for conscious pain and suffering before death and *solatium* for the decedents' family members represents the minimum amount to which the plaintiffs in this case are entitled. Accordingly, the *Mandelkow* Plaintiffs respectfully seek permission to present additional evidence of pain and suffering they endured prior to the decedents' deaths, and to seek additional compensatory damages awards on that basis at a later date.

Attacks and their aftermath. 28 CFR §104.2. Accordingly, attached to the Salzman Declaration is (1) the regulatory authority establishing the criteria for eligibility for compensation from the VCF; and (2) for each *Mandelkow* Plaintiff who died as a result of the 9/11 Attacks, the official letter from the Special Master of the 9/11 VCF determining that the victim "has met the eligibility criteria established in the statute and regulations."

The *Mandelkow* Plaintiffs acknowledge the points raised by the PEC in its January 10 letter, and respectfully submit that their claims are ripe for judgment. The determination by the Department of Justice that each *Mandelkow* Plaintiff's injuries were the "direct result" of the 9/11 Attacks and its aftermath constitutes evidence sufficient to support judgment, of which this Court may take judicial notice. The *Mandelkow* Plaintiffs further note that the Short Form Complaint expressly contemplates such claims by victims "present at the Pentagon and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks . . . ." Certainly, these victims and their family members have suffered greatly as a result of Iran's actions, and should be afforded the same opportunity to obtain judgments and seek compensation from the USVSST Fund as all the other victims who are seeking and obtaining judgments in this case pursuant to the same Short Form Complaint.

This Court has already entered judgment against Iran, in multiple related matters consolidated before this court under *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, based on a full evidentiary record and hearing.

Although the *Mandelkow* Plaintiffs are prepared to submit full briefing and an evidentiary record, the extension of the Court's prior rulings to the *Mandelkow* Plaintiffs is both appropriate and consistent with the specific objectives that prompted the Judicial Panel for Multidistrict Litigation to centralize each of those proceedings before this Court. Under the circumstances,

the submission of additional or repetitive evidence of Iran's liability for the September 11th Terrorist Attacks would merely impose an unnecessary burden on the resources of this Court.

### III. Damages

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages are available under the federal law and include money damages "for personal injury or death." *See* 28 U.S.C. § 1605A(a)(1) and (c)(4). The damages available to plaintiffs in a Section 1605A action include "economic damages, *solatium*, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover *solatium* for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010).

#### A. Pain and Suffering Damages

The Plaintiffs identified in Exhibit B to the simultaneously filed Proposed Order are the estates of individuals killed in the September 11th Attacks which seek damages for each decedent's pain and suffering before death. This Court previously assessed the entitlement and value of pain and suffering awards to estates for their decedents' deaths in this litigation. *See, e.g.*, *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (SDNY) (GBD) (FM), Doc. Nos. 2618, Filed 7/30/12 (*Havlish* Report); 2624, Entered 10/16/12; 3175, Filed 12/28/15 (*Ashton* Report); 3229, Entered 03/09/2016 (hereinafter "*MDL*"). For the reasons previously articulated by this Court, the estates identified in Exhibit B to the Proposed Order respectfully request that the Court grant partial compensatory damages awards for the decedents' pain and suffering in the amount of $2,000,000 per estate.[5] *See MDL*, Doc. Nos. 2618, Filed 7/30/12

---

[5] For the reasons discussed at footnote 3, *supra*, the *Mandelkow* Plaintiffs respectfully seek permission to present additional evidence of pain and suffering experienced prior to the decedents' death, and to seek additional pain and

(*Havlish* Report); 2624, Entered 10/16/12; 3175, Filed 12/28/15 (*Ashton* Report); 3229, Entered 03/09/2016; 3229, Entered 03/09/16.

### B. *Solatium* Damages

Section 1605A specifically provides for *solatium* damages. Under that provision, the immediate family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). Accordingly, in FSIA cases, *solatium* claims have been treated as comparable to claims for intentional infliction of emotional distress, in which the immediate family members of the decedent are treated as direct victims. *See, e.g.*, *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005) ("[c]ourts have uniformly held that a terrorist attack – by its nature – is directed not only at the victims but also at the victims' families."); *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating *solatium* claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001)). Thus, this Court has previously awarded *solatium* damages to "immediate family members" who, though not physically present at the site of the terrorist attacks, were nevertheless intended victims of the terrorist activities. *MDL*, Doc. Nos. 3358, Filed 10/12/16 (*Hoglan* Report); 3175, Filed 12/28/15

---

suffering and/or *solatium* awards on that basis at a later date.

(*Ashton* Report); 2618, Filed 7/30/12 (*Havlish* Report).

In defining those family members eligible to make a claim for *solatium* damages, this Court previously determined, among other things, that spouses, parents, children and siblings of the 9/11 decedent are entitled to recover for their losses. *See MDL*, Doc. No. 3363, Entered 10/14/2016.

To fashion a *solatium* award adequately compensating the surviving "immediate family members" in the litigation against Iran, this Court previously looked to the analysis undertaken by District Court Judge Royce Lamberth in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). There, Judge Lamberth concluded that *solatium* damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.*[6]

Magistrate Judge Frank Maas previously recognized that the "immediate family members" of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound agony and grief" and, "[w]orse yet, . . . are faced with frequent reminders of the events of that day." *MDL*, Doc. No. 2618, Entered 07/30/12, pp. 10-12. Given the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families," the *Havlish* Report and Recommendation concluded that an upward departure was appropriate and recommended *solatium* damages in the following amounts:

| **Relationship to Decedent** | ***Solatium* Award** |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |

---

[6] This formula may be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

7

| Child | $8,500,000 |
|---|---|
| Sibling | $4,250,000 |

The *solatium* losses suffered by the immediate family members listed in Exhibit A to the simultaneously filed Proposed Order are legally and factually comparable to those suffered by the *Havlish* claimants. The death of each 9/11 decedent in this case was the result of the terrorism defendants' extreme acts of malice. The defendants' acts were intended to create an environment of fear and terror. The claimants here were not attenuated victims, and they paid an extreme price for the terrorist acts and consequences. The amount of *solatium* damages previously adopted by the District Court in *Havlish* should apply equally to the immediate family members listed in Exhibit A to the simultaneously filed Proposed Order, and those Plaintiffs therefore respectfully request that they be awarded *solatium* damages in those same amounts, based on their relationship to the 9/11 decedents.[7]

### C.  Prejudgment Interest

Additionally, the *Mandelkow* Plaintiffs also ask that this Court direct that prejudgment interest of 4.96% per annum running from September 11, 2001 until the date of judgment be assessed, as was done previously for other plaintiffs in this consolidated litigation.

### D.  Punitive Damages

Previously, in connection with a motion for final judgment on behalf of certain other claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages. *See MDL*, Doc. No. 3362, Entered 10/14/16. The *Mandelkow* Plaintiffs herein ask that this Court allow them to submit future applications for punitive damages consistent with any future ruling of this Court.

---

[7] For the reasons discussed at footnote 3, *supra*, the *Mandelkow* Plaintiffs respectfully seek permission to present additional evidence of pain and suffering experienced prior to the decedents' deaths, and to seek additional pain and suffering and/or *solatium* awards on that basis, at a later date.

## IV. Conclusion

For all of the reasons set forth herein, the exhibits attached to and statements contained in the Salzman Declaration, and on the basis of the evidence the Court previously received and analyzed, and which already forms part of the record in the multidistrict litigation proceeding, the *Mandelkow* Plaintiffs respectfully request that this Court grant the Proposed Order filed contemporaneously with this Motion, enter default judgment as to liability against Iran for all *Mandelkow* Plaintiffs' claims under Section 1605A of the FSIA, and (1) award compensatory damages for decedents' conscious pain and suffering in an amount of $2,000,000 per estate; (2) award *solatium* damages to immediate family members as set forth in the Proposed Order; (3) direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment be assessed; and (4) permit the *Mandelkow* Plaintiffs to submit future applications for punitive damages, economic damages, and other damages (including additional compensatory damages for pain and suffering prior to the decedents' deaths) consistent with any future rulings of this Court.

Dated: January 13, 2020

                                                          Respectfully submitted,

                                                          /s/ Barry Salzman
                                                          Barry Salzman
                                                          Michael Barasch
                                                          Barasch & McGarry, P.C.
                                                          11 Park Place
                                                          18th Floor

New York, NY 10007
Phone: 212.385.8000
Fax: 212.385.7845

Aryeh S. Portnoy
Glen G. McGorty
Michelle Ann Gitlitz
Crowell & Moring LLP
590 Madison Avenue
20th Floor
New York, NY 10022
Phone: 212.223.4000
Fax: 212.223.4134

COUNSEL FOR PLAINTIFFS