USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __7/29/2024__

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMERCIAL CREDIT GROUP INC. | Case No.: 1:24-cv-05329-ALC |
| Plaintiff, | **CIVIL ACTION** |
| - against - | **ORDER TO SHOW CAUSE** |
| STAR TRUCK TRANSPORT INC., AND BOBAN LJUBOVSKI, individually | |
| Defendants. | |

Upon the Declaration of John Evoy, Portfolio Manager of Plaintiff Commercial Credit Group Inc. ("CCG"), and the Memorandum of Law in Support, it is hereby ORDERED, that:

1. Defendants Star Truck Transport, Inc. and Boban Ljubovski (collectively the "Defendants"), or their attorneys show cause before this Court via telephonic conference on **August 9 at 2 PM** (**the Parties should contact the Court at 1-888-363-4749, access code: 3768660**) why an Order should not be made herein as follows

 (a) pursuant to Fed. R. Civ. P. 64 and CPLR § 7102, awarding to CCG possession of that certain collateral (the "CCG Collateral") identified in the accompanying Declaration of John Evoy, Portfolio Manager for CCG, which CCG Collateral is located at the location of the Defendants, directing the Defendants and their officers, agents, servants, employees, and any other persons acting in concert with or in participation with any of them, to assemble the CCG Collateral, authorizing the Marshall to break open, enter, search for and seize the CCG Collateral if it is not delivered to him, and granting CCG possession of the same and the right to monetize, liquidate and/or sell the CCG Collateral to satisfy the Obligations of the Defendants to CCG;

 (b) pursuant to Fed. R. Civ. P. 64 and N.Y. UCC § 9-607 et seq., awarding to CCG immediate possession of all of the CCG Collateral, wherever situated; requiring the Defendants to

1

assemble the CCG Collateral at a location reasonably convenient to Defendants and CCG or, at CCG's election, permitting CCG to enter the Defendants' premises, render the CCG Collateral unusable and dispose of the CCG Collateral in place; and directing CCG the right to monetize, liquidate and/or sell the CCG Collateral to satisfy the Obligations of the Defendants to CCG;

        (c)    pursuant to Fed. R. Civ. P. 64 and CPLR §§ 3102(c) & 7112, awarding CCG an expedited examination of Boban Ljubovski and requiring the Defendants, by an officer thereof with knowledge, to appear and give testimony as to the location and nature of the CCG Collateral, including that which is not in its actual possession or located at any of the Defendants' locations, as well as providing to CCG limited written discovery that more efficiently provides information on the location of the CCG Collateral; and

        (d)    awarding to CCG such other and further relief which as to this Court seems just, proper and equitable.

    2.    Pending the hearing and determination of the within application, the Defendants and their officers, agents, servants, employees, and any other persons acting in concert with or in participation with any such person, be and they hereby are, pursuant to Fed. R. Civ. P. 65, stayed from selling, transferring, pledging, assigning, encumbering, or otherwise disposing of the CCG Collateral, or any rights therein, or transporting or removing the CCG Collateral from the locations at which it is currently situated within the State of New York, to the extent that any such actions are outside of the ordinary course of business, pending hearing and determination of the instant motion.

    3.    At the Hearing scheduled pursuant to paragraph 1 of this Order, Defendants shall produce information regarding the CCG Collateral, including but not limited to, the following:

        (a)    the location of the CCG Collateral, including all books and records and accounts receivable CCG Collateral information which are subject to CCG's security interest and may be in the possession of the Defendants;

        (b)    any bank account in which the Defendants deposited the proceeds of any CCG

Collateral sold, transferred or conveyed; and

        (c)    the names and addresses of any party to whom the Defendants have sold, transferred or conveyed any of the Collateral; and in the event that such sale, transfer or conveyance has taken place, (i) the date thereof, (ii) the place where same took place, (iii) a specific description of the CCG Collateral sold, transferred or conveyed and (vi) the amount and disposition of any monies received.

    4.    A copy of this Order, together with the papers upon which it is granted, shall be served by overnight delivery on or before __**July** **30**__, 2024 on Defendants at 3239 Barker Ave., Apt. 2G, Bronx, NY 10467; and that such service shall be deemed good and sufficient notice of this application upon each of the Defendants.

    5.    The Defendants shall serve and file any answering declarations, or memoranda in response to CCG's application on or before __**August 5**__, 2024.

    6.    CCG shall serve and file any reply papers on or before __**August 6**__, 2024.

Dated: **July 29, 2024**

                                                                */s/ Andrew T. Carter*
                                                                USDCJ